SCHWAHN et al. v. MIELE et al.

(District Court, D. New Jersey. March 5, 1913.)

TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNLAWFUL COMPETITION—INJUNCTION.

    Complainants manufactured and sold a special massage cream continuously since 1904 under a registered trade-mark, consisting of spaced circles surrounding a woman's head, the entire design being printed in black and white. Between the circles were the words "Aubry Sisters," and in the space beneath the head the word "Beautifier." The label as used was pasted on the cover of a glass jar, and consisted of narrow concentric circles in gold, between which was a much broader circle or band of a deep red color, and on the upper part of this the words "Aubry Sisters" were printed in black letters, and on the lower part the word "Beautifier," while in the center inclosed by a red band was the picture of a lady's head. Defendant manufactured a massage cream, and after hiring one of complainant's demonstrators put out his cream in a similar jar, with a label consisting of an alleged picture of such demonstrator, surrounded by separated circles, between which was a black band, so well covered with words including the word "Beautifier" printed in large red letters as to give the casual observer the impression that the band itself was red. *Held*, that defendant's label was calculated to deceive the ordinary purchaser, and that its use constituted unfair competition.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*]

Suit by Matilda R. Aubry Schwahn and another, trading as Aubry Sisters, against E. A. Miele and others to restrain alleged unlawful competition. On final hearing. Decree for complainants.

Goepel & Goepel, of New York City, for complainants.
Charles F. McKinney, of Newark, N. J., for defendants.

CROSS, District Judge. The bill of complaint herein charges the defendants with unfair competition in trade and also with infringement of trade-mark No. 58,388, registered December 11, 1906, belonging to the complainants, and adopted and used by them in placing upon the market massage creams, rouges, and depilatory powders. The trade-mark consists of circles somewhat spaced apart, surrounding a woman's head. In the space between two of the circles and over the head are the words "Aubry Sisters," while in the same space beneath the head is the word "Beautifier." The entire design is shown in black and white. The label as used is pasted upon the cover of a glass jar, and consists of narrow concentric circles in gold, between which is a much broader circle or band of a deep red color, on the upper part of which the words "Aubry Sisters" are printed in black letters, and on the lower part the word "Beautifier," while in the center space inclosed by the red band, appears the picture of a lady's head.

The complainants, according to the testimony, have for a number of years been engaged in the manufacture and sale, among other things, of so-called massage and beauty creams, and especially in manufacturing and selling a special cream under the name of "Beautifier." Upon the covers of the jars containing this cream when offered for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sale were pasted the trade-mark and label above mentioned. It appears in the case that the complainants, first as partners and subsequently as a corporation, have used such design and label upon the covers of jars containing the above preparations when offered for sale by them from 1904 continuously to the present time, and in connection therewith have built up a very large business which, with the good will connected therewith, is shown to be worth two hundred thousand dollars.

The main allegations of the bill are denied by the answer of the defendants. The evidence, however, shows that the defendants M. A. Miele & Co. and M. A. Miele had for a short time prior to the commencement of this suit been engaged in manufacturing and selling a massage cream under a label bearing the name "Beautifier," which label was pasted upon the cover of the jar containing the cream, while the jar itself was of the same general size, shape, material, and color as that used by the complainants, that on such label appeared the head of a woman surrounded by separated circles, between which was a black band, so well covered, however, with words (among them the word "Beautifier") printed in large red letters as to give the casual observer the impression that the band itself was red. Furthermore, the pose of the head and general appearance of the label were such as would be likely to deceive a purchaser of ordinary intelligence and capacity purchasing the article in question in the usual course of business into the belief that it was the cream manufactured and sold by the Aubry Sisters in the jars and under the labels above mentioned. There are undoubtedly differences between the labels of the complainants and defendants, but there is also a very strong general resemblance, and one well calculated to deceive the ordinary purchaser. It is a matter of common knowledge that articles, such as these parties dealt in, are generally of small value, and likely to be purchased hurriedly and without other than a hasty examination. Under such circumstances, the purchaser might readily accept the defendants' preparation as the complainants', for it must be borne in mind that the rival labels on such occasions are not usually in juxtaposition and consequently capable of direct comparison.

In this connection, it is proper to note that Isabel Hoffman, a defendant herein, who, however, was not served with process, was at one time in the service of the complainants as a "demonstrator" of the cream in question, but left their employment in the latter part of October, 1911. Shortly afterward she was employed by the defendant Miele as a demonstrator of a massage cream manufactured and sold by him. Until she entered his employment he admits that he had never used the alleged infringing label, but immediately thereafter adopted it, and in the form adopted the woman's head shown thereon is a likeness of Miss Hoffman. Both he and she, however, deny that she in anywise suggested or described the label of the Aubry Sisters to him, and he swears that he had never seen it prior to the adoption of his own label. The circumstances, however, more than suggest that there was as a matter of fact some hidden connection between the complainants' label and the adoption of the Miele label just after Miss Hoffman

entered his employment. Without doubt, the Aubry label and its successful and profitable use by the complainants lay at the foundation of Miele's adoption and use, as and when he did, of a similar label upon a like preparation having on its face Miss Hoffman's likeness. It is altogether probable that Miss Hoffman described the Aubry label to Miele and advised him to get up one in that form, which he accordingly did, and it is also more than probable that she was prompted thereto by her knowledge of the Aubry label and its successful use. At all events, he adopted it and used it, and continued to use it after he was served with notice of a motion for a preliminary injunction in this suit, to which motion, however, he offered no opposition.

I think the proofs establish a case of unfair trade competition, the further prosecution of which should be enjoined. For that reason and upon that ground a decree in favor of the complainants will be entered, with costs.